DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES AUGUSTE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2391

[June 3, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ilona M. Holmes, Judge; L.T. Case No. 10-665CF10A.

Dane K. Chase of Chase Law Florida, P.A., St. Petersburg, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

*Affirmed.*

MAY and CONNER, JJ., concur.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

I concur in the affirmance of the order summarily denying the motion for postconviction relief and write to note that, as to appellant's second ground, *Puglisi v. State,* 112 So. 3d 1196 (Fla. 2013) is not controlling. Appellant contended that trial counsel was ineffective for calling a witness whose testimony conflicted with the defendant, and that counsel's strategy was patently unreasonable. The court denied this claim, because it was apparent that the *appellant* insisted on calling the witness, not trial counsel (which appellant concedes on appeal). Therefore, it did not amount to a strategic decision on the part of trial counsel.

Appellant contends, however, that based upon *Puglisi*, the decision to call witnesses was counsel's responsibility, not the defendant's. Therefore, he could still claim ineffective assistance. In *Puglisi*, the supreme court did so hold, receding from cases such as *Blanco v. State*, 452 So. 2d 520, 524 (Fla. 1984), which had held that the decision to call witnesses was ultimately the defendant's. Nevertheless, *Puglisi* does not apply in this case, because appellant's trial took place **before** *Puglisi* issued. Thus, a *Blanco* analysis would apply and did give the appellant the ultimate decision on which witnesses to call. *See England v. State*, 151 So. 3d 1132, 1141 (Fla. 2014). As he made the decision to call the witness, compelling counsel to do so, this cannot constitute ineffective assistance of trial counsel.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***